### ROSS & AL. vs. BUHLER & AL.

A district judge cannot be examined as a witness on the trial of a suit, where he sits as judge.

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. The defendants and appellants in this case, having need of the testimony of the district judge, prayed him to give it. The judge was of opinion that he could not do so, and a bill of exceptions was taken.

We think he did not err—the Spanish law expressly forbids this. *Part. 3, tit.* 16, *l.* 19.

There may, however, be a different mode of practice, which, by taking off the reason of the rule, perhaps destroys it in jury cases. If the judge, when he tries the facts, must weigh the evidence, he must do so impartially. This perhaps he cannot be easily supposed to do; when he is to weigh his testimony against that of another. When, however, not he, but a jury, is to try an issue of facts, it would seem the reason in some degree fails. Yet

East'n District.
*March*, 1824.

Ross & AL.
*vs.*
BUHLER & AL.

cogent ones present themselves; in a court composed of one judge only, who is to administer the oath? it cannot be done by any but a member of the court, and he is the only one. He is to determine on his competency—to determine on the absence of evidence, if a non-suit be prayed.

It seems to us some legislative provision is necessary in a case like this. Otherwise, the party cannot attain his right.

Justice requires that this case be remanded, in order that the defendants may be afforded the means of obtainining the evidence they are in want of.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the case be remanded for further proceedings, as if no trial was had—the costs of this appeal to be borne by the appellees.

*Watts & Lobdell* for the plaintiffs, *Workman* for the defendants.